**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Vance V. Frame,

Plaintiff,

vs.

Cal-Western Reconveyance Corporation; US Bank, NA as Trustee Relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2004-A; Capital One, NA; and Chevy Chase Bank FSB,

Defendants.

No. CV-11-0201-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff Vance V. Frame's Motion to Remand (Dkt. 11). Defendants US Bank, NA as Trustee Relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2004-A ("U.S. Bank") and Capital One, N.A., for itself and as successor by merger to Chevy Chase Bank, F.S.B. ("Capital One") filed a response in opposition to Plaintiff's motion (Dkt. 16), which Defendant Cal-Western Reconveyance Corporation (erroneously named as Cal-Western Reconveyance) ("Cal-Western") joined (Dkt. 15). A hearing on Plaintiff's motion was held on April 25, 2011.

## I. BACKGROUND

Plaintiff's lawsuit against Defendants arises in connection with Plaintiff's mortgage

loan in the amount of $181,900.00 secured by the real property located at 1191 North Melody Lane Circle, Chandler, Arizona 85225 (the "Property"). (Dkt. 22 at ¶ 8.) The Complaint was filed in the Superior Court of Maricopa County, Arizona on January 18, 2011 (Dkt. 1-1, Ex. A), and amended on March 11, 2011 (Dkt. 22). Plaintiff asserts claims for intentional misrepresentation, consumer fraud, requests an accounting of the loan, and seeks to quiet title to the Property by having the promissory note in the amount of $181,900.00 rescinded and the deed of trust securing the Property released. (Dkt. 22 at ¶¶ 88–89.)

On January 31, 2011, Defendants U.S. Bank and Capital One filed a notice of removal to the United States District Court for the District of Arizona based on diversity jurisdiction. (Dkt. 1.) On February 7, 2011, Defendant Cal-Western consented to the removal of this action. (Dkt. 8-1, Ex. A.) Defendant Chevy Chase Bank FSB, a failed banking institution, has not been served in this action. (Dkt. 22 at ¶ 5.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

Diversity jurisdiction is not discretionary. *See First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 162 (9th Cir. 1997) ("[T]he obligation to exercise jurisdiction is 'virtually unflagging.'"). Abstention by federal courts is the "exception rather than the rule." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007) (quoting *Green v. City of Tucson*, 255 F.3d 1086, 1089 (9th Cir. 2001)).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

*Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000.00]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000.00]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

"As a general rule, all defendants who may properly join in the removal petition must join." *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). Each defendant must join the notice of removal within thirty days of when such defendant is served. 28 U.S.C. § 1446(b). The Ninth Circuit recently adopted the "later-served rule." *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Under this later-served rule, "each defendant is entitled to thirty days to exercise his removal rights after being served." *Id.* "All defendants who have been 'properly . . . served in the action' must join a petition for removal." *Id.* (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir.1988) (citing 28 U.S.C. § 1446(a)). If not all properly served defendants join in the notice of removal, then "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Id.* at 956–57; *see Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998))).

However, any party not yet served does not need to join the notice of removal. *Destfino*, 630 F.3d at 957 ("Because none of the non-joining defendants was properly served,

their absence from the removal notice did not render the removal defective."); *see Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678–79 (9th Cir. 1925) ("[D]efendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal.").

## III. ANALYSIS

Defendants argue that removal is proper, because the District Court has subject matter jurisdiction based on diversity. *See* 28 U.S.C. §§ 1332, 1441. Plaintiff does not dispute the diversity of the parties. Instead, Plaintiff argues that remand is warranted for the following reasons: (A) Cal-Western did not join in the removal; (B) "state substantive issues of first impression" require the Court to abstain; (C) removal is not proper under 12 U.S.C. § 1452(f) or any other provision of federal law; (D) the Court lacks subject matter jurisdiction; and (E) the amount in controversy is insufficient for diversity jurisdiction. The Court will discuss each of these arguments below in denying Plaintiff's motion.

### A. Consent to Removal

Plaintiff initially argues that "[n]ot one of Defendants' attorneys have signed any pleading filed with the District Court in this matter, much less a document indicated joinder in, or agreement with, the Notice of Removal." (Dkt. 11 at p. 4.) Plaintiff fails to account for the notice of removal filed by Defendants Capital One and U.S. Bank (Dkt. 1), and Defendant Cal-Western's subsequent consent to the removal of this action (Dkt. 8-1, Ex. A). As set forth above, any properly served defendants, who do not join in the notice of removal, may correct the procedural defect by consenting to removal anytime prior to entry of judgment. *Destfino*, 630 F.3d at 956–57. Defendant Chevy Chase Bank FSB has not been served in this action; therefore, this Defendant's consent is not required for removal to be procedurally proper. *Id.* at 957. All properly served Defendants have consented to the removal of this action. Therefore, remand on the grounds that Cal-Western, or other Defendants, failed to consent to removal is inappropriate.

**B. Abstention from Exercising Jurisdiction**

Plaintiff's next argument in favor of remanding this action is that Arizona state courts need to rule on issues of first impression concerning foreclosures, because the issues are a state policy problem and of substantial public importance. Plaintiff relies on the *Burford* abstention doctrine, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971)[1] to support his argument. Plaintiff has asserted claims for intentional misrepresentation, consumer fraud, accounting, and quiet title. Defendants argue, and the Court agrees, that none of Plaintiff's claims are "issues of first impression." There is well-developed case law on these issues in the mortgage loan transaction context. For the reasons that follow, the Court finds that abstention from exercising jurisdiction is inappropriate in this action.

**1. *Burford* Abstention Doctrine**

Under *Burford*, abstention may be appropriate to avoid federal intrusion into matters that are largely of local concern and within the special competence of local courts. "While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 815–16 (1976)).

In an effort to limit the application of abstention under the *Burford* principles, the Ninth Circuit Court of Appeals generally requires certain factors be present in order for abstention to apply: (1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review

[1] Plaintiff withdrew his argument that the *Rooker-Feldman* abstention doctrine applies. (Dkt. 20 at p. 2, n.1.)

might disrupt state court efforts to establish a coherent policy. *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).

Plaintiff has failed to persuade the Court that the abstention doctrine applies here. This case is not brought under the Court's equitable powers; it is squarely within this Court's diversity jurisdiction. The Court, sitting in diversity, sits in the same posture as the Superior Court. The result would not be different in this federal proceeding than would be achieved in the removed state court proceeding. *Id.* at 1406. Furthermore, Arizona does not require that suits brought pursuant to Arizona's deed of trust statutes must be filed in a specific court.

There is no concern that federal issues are not easily separable from complicated state law issues, because there are no federal implications to the claims brought by Plaintiff. Plaintiff's claims arise under well-established Arizona law. Further, Plaintiff's claims are not complicated, and do not involve a complex web of administration.

Finally, and contrary to Plaintiff's argument, federal adjudication of this matter will not disrupt the State of Arizona's efforts to establish a coherent policy. The *Burford* abstention doctrine is designed to limit federal interference with the development of state policy, and *Burford* allows federal "courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme." *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (quoting *Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374, 376 (9th Cir. 1982)). This is clearly not the situation before the Court. As stated in Defendants' opposition: "There is a body of case law dealing with these very issues in the context of a mortgage loan transaction[.]" (Dkt. 16 at p. 4.) The issues raised in the Complaint and Plaintiff's motion do not constitute the exceptional circumstances in which the Court will abstain from exercising federal jurisdiction under the *Burford* abstention doctrine.

**2. *Younger* Abstention Doctrine**

As Plaintiff states in his motion, the *Younger* abstention doctrine "provides that federal courts are not to interfere with pending state criminal proceedings." (Dkt. 11 at p. 11); *see Younger*, 401 U.S. at 53–54. This abstention doctrine applies "not only when the

pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("*Younger v. Harris*[], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."). This doctrine is inapplicable in this action. There are no ongoing state proceedings on the issues before the Court. Contrary to Plaintiff's assertions, non-judicial foreclosure proceedings, such as the trustee's sale in this action, are not ongoing state court proceedings, and do not fall within the purview of the *Younger* abstention doctrine.

The Court finds no exceptional circumstances require the Court to abstain from exercising diversity jurisdiction over this action.

**C. Removal Under 12 U.S.C. § 1452(f) or Other Provision of Federal Law**

Plaintiff summarily argues that removal is improper under 12 U.S.C. § 1452(f) or other provisions of federal law. Plaintiff is incorrect. First, Defendants did not remove this matter pursuant to 12 U.S.C. § 1452(f), which concerns removal by the Federal Home Loan Mortgage Corporation, and is inapplicable to this action. Second, Defendants have met their burden of establishing that this action was properly removed pursuant to 28 U.S.C. § 1332 and 1441(a). *See Gaus*, 980 F.2d at 566.

**D. Subject Matter Jurisdiction**

Plaintiff argues that Defendants have failed to establish federal jurisdiction. Plaintiff appears to conflate original jurisdiction with federal question jurisdiction. However, the Court has original jurisdiction over an action pursuant to either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, *id.* § 1332(a). This action was removed to the Court based on diversity jurisdiction; therefore, the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

Plaintiff also argues that it has the right to choose its forum. However, the cases cited

by Plaintiff concern a lack of federal question jurisdiction, as well as an absence of diversity jurisdiction. *See e.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). There is no authority to support Plaintiff's argument that remand is warranted, because Plaintiff's decision to select a state forum "should be given due respect and consideration." The Court has original jurisdiction over a properly removed action pursuant to diversity jurisdiction.

Finally, Plaintiff argues that the Court should decline to exercise supplemental jurisdiction. However, the Court is not exercising supplemental jurisdiction over Plaintiff's claims. In his reply, Plaintiff acknowledges that "supplemental jurisdiction does not apply," because there are no federal questions in this action. (Dkt. 20 at p. 5.) As discussed throughout this Order, Defendants removed this action pursuant to the Court's diversity jurisdiction; therefore, the Court is not exercising supplemental jurisdiction over Plaintiff's state law claims.

**E. Amount in Controversy**

Plaintiff's final argument is that the Court lacks jurisdiction, because there is no allegation in the Complaint for relief in excess of $75,000.00. Plaintiff seeks unidentified compensatory, general, and punitive damages, and also quiet title to the Property. Because the Complaint does not demand a dollar amount, Defendants must provide evidence that it is more likely than not that the amount in controversy exceeds $75,000.00. *Singer*, 116 F.3d at 376; *Sanchez*, 102 F.3d at 404. Quiet title to the Property requires the rescission of the promissory note, which is in the amount of $181,900.00, and release of the deed of trust recorded against the Property. The Court finds Plaintiff's request for quiet title exceeds $75,000.00. Therefore, Defendants have met their burden, and the Court finds that it is more likely than not that the amount in controversy meets the minimum amount required for diversity jurisdiction to exist.

**IV. CONCLUSION**

For the reasons set forth above, the Court will exercise diversity jurisdiction over this action. The action was properly removed from the Superior Court, and all served Defendants have consented to the removal. Plaintiff does not dispute the diversity of the parties, and

Defendants have established that it is more likely than not the amount in controversy exceeds $75,000.00. The claims asserted by Plaintiff are not issues of first impression, and the Court finds no reason to abstain from exercising jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Dkt. 11) is **DENIED**.

DATED this 27th day of April, 2011.

James A. Teilborg
United States District Judge