**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vance V. Frame, | No. CV-11-0201-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Cal-Western Reconveyance Corporation; US Bank, NA as Trustee Relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2004-A; Capital One, NA; and Chevy Chase Bank FSB, | |
| Defendants. | |

Pending before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants U.S. Bank, N.A. as Trustee Relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2004-A ("U.S. Bank") and Capital One, N.A., for itself and as successor-by-merger to Chevy Chase Bank, F.S.B. ("Capital One") (Dkt. 26), and a Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Cal-Western Reconveyance Corporation ("Cal-Western") (Dkt. 27).  A hearing on the motions to dismiss was held on August 31, 2011, and the Court now rules as follows.

**I.    BACKGROUND**

Plaintiff's lawsuit against Defendants arises in connection with a loan in the amount

1  of $181,900.00 that Plaintiff obtained from Chevy Chase Bank, F.S.B. ("Chevy Chase") on
2  or about March 19, 2004. (Dkt. 22 at ¶ 8.) Plaintiff executed a promissory note in the
3  amount of the loan, and the loan was secured by the real property located at 1191 North
4  Melody Lane Circle, Chandler, Arizona 85225 (the "Property"). (*Id.*) The Deed of Trust
5  names Plaintiff as the borrower, Chevy Chase as the lender and trustee, and Mortgage
6  Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for the lender
7  and lender's successors and assigns, as the beneficiary. (Dkt. 22-1, Ex. A.)[1] Attached to the
8  Deed of Trust is an adjustable rate rider, which was executed by Plaintiff. (*Id.*)

Pursuant to an Assignment of Deed of Trust, dated October 8, 2010, MERS as nominee for Chevy Chase, assigned its interest in the Deed of Trust to U.S. Bank. (Dkt. 27-2, Ex. B.) The Assignment of Deed of Trust was executed by "Joe Krasovic, Asst. Sec.," on behalf of MERS, and recorded on November 24, 2010 as Maricopa County Recorder No. 20101030362. (*Id.*)

A Notice of Substitution of Trustee was executed by "Monica Hadley, AVP," on behalf of U.S. Bank, as beneficiary, on October 13, 2010. (Dkt. 22-1, Ex. C; Dkt. 27-3, Ex. C.) The Notice of Substitution of Trustee was recorded on October 19, 2010, as Maricopa County Recorder No. 20100913072, and appointed Cal-Western as the successor trustee. (*Id.*)

Also on October 19, 2010, a Notice of Trustee's Sale was recorded against the Property naming U.S. Bank as the current beneficiary, and Cal-Western as the current trustee. (Dkt. 22-1, Ex. B; Dkt. 27-4, Ex. D.) The Notice of Trustee's Sale was executed by "Yvonne Wheeler, AVP," on behalf of Cal-Western, and recorded as Maricopa County Recorder No. 20100913073. (*Id.*) The trustee's sale was originally scheduled for January 19, 2011. (*Id.*)

---

[1] The Court may take judicial notice of matters of public record without converting the Motions to Dismiss into motions for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because the exhibits to the First Amended Complaint are public records, the Court may properly take judicial notice of the undisputed facts contained in these documents. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Plaintiff applied for a loan modification, and his application was pending when the Notice of Trustee's Sale was sent to Plaintiff. (*Id.* at ¶ 49.) Plaintiff does not allege that he was current on his loan payments when non-judicial foreclosure proceedings were initiated against the Property. (Dkt. 22 at ¶ 48.) Nor does Plaintiff allege that at any time he attempted to pay the outstanding balance of the loan.

The original complaint was filed in the Superior Court of Maricopa County, Arizona on January 18, 2011. (Dkt. 1-1, Ex. A.) Also on January 18, 2011, the Superior Court granted Plaintiff' request for a temporary restraining order to prevent the trustee's sale of the Property. (Dkt. 8-2.)

Following removal of this action on January 31, 2011 (Dkt. 1), Defendants filed two motions to dismiss (Dkt. 12, 14). After the first round of motions to dismiss were fully briefed, Plaintiff filed the First Amended Complaint on March 11, 2011 without leave of the Court. (Dkt. 22.) Notwithstanding the untimely filing, the Court subsequently permitted the amendment, and denied the motions to dismiss without prejudice. (Dkt. 24.) In the First Amended Complaint, Plaintiff asserts claims for intentional misrepresentation and consumer fraud, requests an accounting of the loan, and seeks to quiet title to the Property by having the promissory note rescinded and the deed of trust securing the Property released. (Dkt. 22 at ¶¶ 88–89.) Defendants filed the pending motions to dismiss all claims with prejudice.

## II.   LEGAL STANDARD

Defendants have moved to dismiss the First Amended Complaint (Dkt. 26 & 27) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

### 1.   Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S.

1 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).[2] A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal

---

[2] Plaintiff takes issue with Defendants' purported heavy reliance on the Supreme Court's decisions, *Twombly* and *Iqbal*, concerning the Rule 12(b)(6) standard. (Dkt. 49 at pp. 8–9.) The Court does not find that Defendants are advocating for an extension of the pleading standard set forth in these cases; rather, the Court finds that Plaintiff advocates for a pleading standard that pre-dates the Supreme Court's most recent opinions on the matter. Accordingly, the Court will apply the standard set forth *Twombly* and *Iqbal* as discussed in this Order.

- 4 -

conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### 2. Rule 9(b) Standard

Rule 9(b) governs the pleading standard with respect to allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

### III. ANALYSIS

Defendants move to dismiss Plaintiff's First Amended Complaint on the grounds that Plaintiff has failed to state a claim upon which relief can be granted, and that Plaintiff has failed to plead fraud with the requisite particularity. Further, U.S. Bank and Capital One argue that, despite the benefit and existence of fully-briefed motions to dismiss, Plaintiff's First Amended Complaint fails to cure the deficiencies noticed in Defendants' prior motions. In addition to Rules 12(b)(6) and 9(b), Cal-Western also argues that Plaintiff's claims against Cal-Western are barred by A.R.S. § 33-807(E). For the reasons that follow, the Court will grant Defendants' motions to dismiss with prejudice.

### 1. First Claim for Relief - Intentional Misrepresentation

Count One of Plaintiff's First Amended Complaint attempts to set forth a claim for intentional misrepresentation against Chevy Chase. As an initial matter, Capital One, the successor-by-merger to Chevy Chase, argues that Plaintiff's claim should be dismissed, because Plaintiff has failed to plead fraud with the requisite particularity. Plaintiff argues in his response that the First Amended Complaint is not subject to Rule 9(b), because he has not made an allegation of fraud; nonetheless, Plaintiff also argues that he has satisfied the

- 5 -

pleading requirements to state a claim for fraud. Setting aside Plaintiff's patently false statement that he has not used the term "fraud" in the First Amended Complaint,[3] a claim for intentional misrepresentation is a claim of fraud under Arizona law. *Knoell v. Cerkvenik-Anderson Travel, Inc.*, 891 P.2d 861, 869 (Ariz. Ct. App. 1994), *vacated and remanded on other grounds*, 917 P.3d 689 (Ariz. 1996) (setting forth the nine elements need to establish an intentional misrepresentation or fraud claim); *Formento v. Encanto Bus. Park*, 744 P.2d 22, 28 (Ariz. Ct. App. 1987) (discussing the distinction between fraudulent, affirmative misrepresentation and fraudulent concealment); *Bank of the West v. Estate of Leo*, 231 F.R.D. 386, 390 (D. Ariz. 2005) (applying the three-year statute of limitations for fraud to a claim for intentional misrepresentation); *see* Restatement (Second) of Torts §§ 525–26 (1977).

Plaintiff's claim of intentional misrepresentation is predicated on his belief that Chevy Chase ignored the income figure provided by Plaintiff, and submitted the loan to Chevy Chase's underwriting department with a fabricated income figure in order to qualify Plaintiff for a higher rate of interest. Plaintiff claims that he was misled by unnamed authorized agents of Chevy Chase that his loan was approved based on Plaintiff's disclosed income. (Dkt. 22 at ¶ 55) ("Plaintiff believed that it was safe to assume the financial obligation because he was misled into believing that he . . . received the best interest rate."). After attempting to set forth the elements for a claim of fraud, Plaintiff alleges that he is entitled to equitable tolling, because he was in no position to discover the false statements until he obtained a forensic review of his loan documents on December 29, 2010. (*Id.* at ¶ 66.)

In order to state a claim for intentional misrepresentation under Arizona law, a plaintiff must set forth:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's

---

[3] (*Compare* Dkt. 49 at p. 10 *with* Dkt. 22 at ¶¶ 60, 61, 70.) "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

- 6 -

> knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury.

*Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033–34 (Ariz. Ct. App. 2010); *see Frazer v. Millennium Bank, N.A.*, CV 10-1509-PHX-JWS, 2010 WL 4579799, at *3 (D. Ariz. Oct. 29, 2010). Rule 9(b) requires a plaintiff to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).

Plaintiff's allegations fail to plead fraud with the requisite particularity. Many of Plaintiff's allegations involve statements that were purportedly made by authorized agents of Chevy Chase to its underwriting department, not to Plaintiff. Further, Plaintiff's allegations are conclusory. Plaintiff does not plead the identity of the parties making the alleged misrepresentations, when such representations were made, or the specific content of the representations. Further, Plaintiff only alleges that "he assumed" and "he believed" that his actual income was used. These allegations are insufficient to satisfy Rule 9(b). Even if the alleged representations were made to him (*i.e.*, that he was receiving the best interest rate for the loan he qualified for), Plaintiff has not alleged any facts showing that these representations were false, or that he had the right to rely on the representations. Accordingly, Plaintiff's claim fails for failure to comply with Rule 9(b).

Prior to his first claim for relief, Plaintiff alleges that he did not receive notice regarding the variable interest rate, maximum interest rate, or prepayment penalties on his loan. These allegations appear in the First Amended Complaint before Count One, but seem to constitute additional grounds for an intentional misrepresentation claim. With respect to the variable interest rate and maximum interest rate allegations, Plaintiff attached to the First Amended Complaint a copy of the "Adjustable Rate Rider" that Plaintiff executed in connection with the Deed of Trust on or about March 19, 2004. (Dkt. 22-1, Ex. A.) Clearly, Plaintiff had notice of these terms, and he has not alleged that Chevy Chase attempted to

1  enforce terms that are different from the terms set forth in the Adjustable Rate Rider executed
2  by Plaintiff.  With respect to Plaintiff's allegations concerning Chevy Chase's failure to
3  disclose a prepayment penalty, Plaintiff has not alleged any facts indicating that he offered
4  to pay the balance of the loan in full and was assessed an undisclosed penalty.  There are no
5  allegations that Plaintiff suffered any damages from this alleged failure to disclose.

6  Even if Plaintiff could amend his complaint a second time to comply with Rule 9(b),
7  Plaintiff's claim is barred by the three-year statute of limitations. A.R.S. § 12-543(3). "The
8  statute of limitations in a fraud case begins to run when the plaintiff by reasonable diligence
9  could have learned of the fraud, whether or not he actually learned of it." *Coronado Dev.*
10 *Corp. v. Superior Court*, 678 P.2d 535, 537 (Ariz. Ct. App. 1984) (citing *Guerin v. Am.*
11 *Smelting & Refining Co.*, 236 P. 684, 686 (1925)). Recognizing that the alleged fraudulent
12 conduct occurred more than seven years ago, well outside the three-year statute of
13 limitations, Plaintiff alleges that he "is entitled to equitable tolling," because he "was in no
14 position to discover" the misrepresentations. (Dkt. 22 at ¶ 66.) Plaintiff allegedly discovered
15 the intentional misrepresentations after a forensic review of the loan documents was
16 conducted on December 29, 2010.  The alleged misrepresentations occurred at the time
17 Plaintiff entered into the loan, and Plaintiff has failed to plead any facts showing why
18 Plaintiff, with reasonable diligence, could not have learned of the fraud earlier. That Plaintiff
19 hired a forensic examiner to investigate Plaintiff's loan only after Defendants initiated non-
20 judicial foreclosure proceedings does not warrant the tolling of the statute of limitations.
21 There are no allegations that Defendants attempted to conceal the alleged misrepresentations,
22 or that Plaintiff only recently came into possession of the evidence of the intentional
23 misrepresentations.  Therefore, the Court finds that Plaintiff's claims of intentional
24 misrepresentation are barred by the three-year statute of limitations.

25 Finally, in Count One, Plaintiff also alleges that U.S. Bank was not a bona fide
26 purchaser for value of Plaintiff's loan with Chevy Chase. (Dkt. 22 at ¶ 68.)  Plaintiff's
27 allegations concern Defendants' failure to notify Plaintiff of the assignment to U.S. Bank.
28 However, the Deed of Trust provides that the "Note or a partial interest in the Note (together

1 with this Security Instrument) can be sold one or more times without prior notice to
2 Borrower." (Dkt. 22-1, Ex. A, § 20.) There is no requirement under Arizona law that an
3 assignment of a deed of trust must be recorded to be valid, and Plaintiff has not cited any
4 authority to the contrary. Further, to the extent that the First Amended Complaint concerns
5 the alleged sale of the loan on the secondary market (Dkt. 22 at ¶ 39), Arizona law does not
6 require a lender to notify a borrower of the transfer of a loan into the secondary mortgage
7 market, nor does Arizona law require a lender to provide a borrower with copies of servicing
8 and pooling agreements entered into by a lender. With respect to these allegations, Plaintiff
9 has failed to state a claim upon which relief can be granted.

10 Based on the foregoing, the Court finds that Count One of Plaintiff's First Amended
11 Complaint must be dismissed with prejudice.

**2.  Second Claim for Relief - Consumer Fraud**

13 In Count Two of the First Amended Complaint, Plaintiff attempts to set forth a cause
14 of action for consumer fraud, A.R.S. § 44-1521 *et seq.*, against Chevy Chase. Plaintiff
15 alleges that Chevy Chase intentionally deflated Plaintiff's income and intentionally failed to
16 provide all relevant disclosures in violation of Arizona's consumer fraud act. (Dkt. 22 at ¶
17 72.) Plaintiff, recognizing that the statute of limitations for a claim of consumer fraud has
18 run, alleges that he is entitled to equitable tolling. Defendants argue that Plaintiff's consumer
19 fraud claim does not meet the statutory definition of consumer fraud, is not pled with the
20 requisite particularity under Rule 9(b), and, in any event, is time-barred.

21 First, Defendants argue that Plaintiff has failed to identify how Chevy Chase's
22 allegedly fraudulent conduct occurred "in connection with the sale or advertisement of any
23 merchandise." A.R.S. § 44-1522(A). The Court disagrees. Arizona courts have found that
24 money constitutes "merchandise"; that a loan constitutes a "sale"; and that negotiations
25 surrounding a loan constitute an "advertisement" under the consumer fraud statute. *Villegas*
26 *v. Transamerica Fin. Servs., Inc.*, 708 P.2d 781, 783 (Ariz. Ct. App. 1985) ("Because
27 'merchandise,' 'sale,' and 'advertisement' all have special definitions in the statute, not
28 comporting with ordinary usage, we hold that the lending of money is subject to the

- 9 -

1 provisions of the Arizona Consumer Fraud Act."). In light of the fact that money constitutes 2 merchandise and a loan constitutes a sale, Plaintiff could state a plausible claim for relief 3 under Rule 12(b)(6) by alleging that Defendant committed deceptive practices in connection 4 with Chevy Chase's loan practices. However, dismissal of Count Two of the First Amended 5 Complaint is appropriate, because Plaintiff has failed to plead fraud with the requisite 6 particularity, and, regardless of the pleading standard, Plaintiff's claim for consumer fraud 7 is barred by the one-year statute of limitations.

8 A claim for consumer fraud requires a showing of the "misrepresentation, or 9 concealment, suppression or omission of any material fact with intent that others rely upon 10 such concealment, suppression or omission." A.R.S. § 44-1522(A). As discussed above, 11 there are no facts in the First Amended Complaint setting forth the time, place, and specific 12 content of the alleged misrepresentations; nor are there any facts identifying the parties 13 making the alleged misrepresentation. *Schreiber*, 806 F.2d at 1401. Plaintiff's conclusory 14 allegations are insufficient. Accordingly, the Court finds that Plaintiff's consumer fraud 15 claim in the First Amended Complaint fails to meet the pleading standards set forth in the 16 Federal Rules of Civil Procedure, and must be dismissed. Plaintiff does not identify the 17 disclosures that were allegedly not provided, and Plaintiff fails to plead facts indicating that 18 the representations were false.

19 Additionally, actions commenced pursuant to A.R.S. § 44-1522 must be brought 20 within one year. A.R.S. § 12-541(5) (2003) ("There shall be commenced and prosecuted 21 within one year after the cause of action accrues, and not afterward, the following actions: 22 . . . Upon a liability created by statute, other than a penalty or forfeiture."). An action for 23 consumer fraud accrues "when the defrauded party discovers or with reasonable diligence 24 could have discovered the fraud." *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1379 (Ariz. Ct. 25 App. 1994) (quoting *Mister Donut of Am., Inc. v. Harris,* 723 P.2d 670, 672 (Ariz. 1986)). 26 In other words, a cause of action "accrues when 'the plaintiff knows or should have known 27 of both the *what* and *who* elements of causation.'" *Id.* (quoting *Lawhon v. L.B.J. Institutional* 28 *Supply, Inc.*,765 P.2d 1003, 1007 (Ariz. Ct. App. 1988)).

1     Here, as described in the prior section of this Order, Plaintiff obtained the loans in
2 March 2004, and brought this present action in January 2011.  Plaintiff alleges that he "was
3 in no position to discover the aforementioned concealed and/or false information until a
4 forensic review of his loan documents was conducted on December 29, 2010." (Dkt. 22 at
5 ¶ 73.)  Thus, Plaintiff alleges that his cause of action accrued within one year of the filing of
6 the original complaint, because he did not know the *what* element of the consumer fraud
7 claim.
8     However, the test for when a cause of action accrues is not only what the plaintiff
9 actually knew, but also what he should have known or could have discovered with reasonable
10 diligence.  *Alaface*, 892 P.2d at 1379.  Plaintiff's allegations, even when assumed to be true,
11 are all related to facts that were discoverable at the time Plaintiff entered into the loan.  The
12 allegations revolve around the very terms of the loans, such as interest rate, payments to be
13 made under the loan, and disclosures that allegedly should have been provided prior to the
14 consummation of the loan.  Plaintiff does not allege that the terms that Defendants seek to
15 enforce are different or somehow an alteration from the promissory note that Plaintiff signed.
16 Rather, Plaintiff's allegations amount to a claim that the terms contained in the promissory
17 note are material deviations from the terms Plaintiff should have received prior to entering
18 into the loan transaction.  Even assuming there are material deviations to support a claim
19 under Arizona's consumer fraud statute, the "*what* element of causation" was apparent at the
20 time Plaintiff entered into the loan transactions—Plaintiff could have discovered the
21 deviations from the documents he signed in 2004.  Contrary to Plaintiff's allegations seeking
22 equitable tolling, Plaintiff's consumer fraud claim under A.R.S. § 44-1522 accrued upon
23 entering into the loan transaction.  Therefore, Plaintiff's cause of action is time-barred under
24 A.R.S. § 12-541(5).
25     For the reasons set forth above, the Court will dismiss Count Two of Plaintiff's First
26 Amended Complaint with prejudice.
27     **3.     Third Claim for Relief - Accounting**
28     In Count Three of the First Amended Complaint, Plaintiff requests an accounting of:

- 11 -

> information on whether or not the loan was in lawful compliance with all laws regarding disclosure, the identity of all holders of the note secured by the Deed of Trust, the current party claiming a beneficial interest in the note, the calculation of the principal and interest, information on the appointment of the trustee and all substitute trustees, documentation of all assignments, transfers or sale of the note, copies of all checks or other evidence of payments made by the Plaintiff, all debits and credits to the Plaintiff's accounts, documentation of all mortgage assignments, accounting of all attorney fees, costs and foreclosure fees, and all late charges assessed to the balance of the loan, an accounting of all monies applied to suspended or forbearance accounts, an accounting of all impounds including taxes and insurance and the fees, charges and commissions paid to all services of the account.

(Dkt. 22 at ¶ 78.) Plaintiff seeks this accounting, in part, because he believes that the promissory note may have been paid in full by an unknown third party. (*Id.*) Defendants argue that in the absence of any statutory requirement to provide this accounting, Plaintiff's request fails to state a claim upon which relief can be granted. The Court agrees.

Pursuant to A.R.S. § 33-813, upon request, the trustee is required to provide the trustor with "a good faith estimate of the sums which appear necessary to reinstate the trust deed, separately specifying costs, fees, accrued interest, unpaid principal balance and any other amounts which are required to be paid as a condition to reinstatement of the trust deed." A.R.S. § 33-813(D). There are no allegations in the First Amended Complaint that Plaintiff requested Cal-Western, as trustee, provide him with the good faith estimate described in A.R.S. § 33-813, and there are no allegations that, if requested by Plaintiff, the trustee failed to provide the good faith estimate to Plaintiff.

Under Arizona law, "[t]here is no statutory requirement that the trustor be supplied with a complete accounting." *Kelly v. NationsBanc Mortgage Corp.*, 17 P.3d 790, 792–93 (Ariz. Ct. App. 2000). And, Plaintiff has not offered any authority that requires such an accounting be provided to Plaintiff. In a similar case before the District Court, the plaintiff requested an accounting identical to the accounting requested by Plaintiff. In that case, the District Court found that the complaint failed to allege a claim for an accounting upon which relief may be granted. *Frazer*, 2010 WL 4579799, at *4–5. Because there does not appear to be any authority supporting Plaintiff's broad accounting request, the Court will dismiss Count Three of the First Amended Complaint with prejudice.

- 12 -

### 4. **Fourth Claim for Relief - Quiet Title**

Plaintiff's First Amended Complaint alleges a quiet title claim pursuant to A.R.S. § 12-1101 *et seq.*, against Defendants U.S. Bank, Cal-Western and Capital One. Defendants move to dismiss Plaintiff's claim for failure to state a claim upon which relief may be granted. Specifically, Defendants argue that Plaintiff's quiet title claim is barred by his failure to tender the amount of the outstanding loan balance.

Under Arizona law, a complaint for an action to quiet title must include an allegation of title in the plaintiff. *Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 197 P. 227, 228 (Ariz. 1921); *see* A.R.S. § 12-1101 *et seq.* Further, if the complaint avers title, but proceeds to set forth facts that do not show title, then the specific facts pleaded control. *Verde Water*, 197 P. at 228. Plaintiff's specific factual allegations do not show that Plaintiff holds title to the Property. Under the Arizona statutes governing deeds of trust, A.R.S. § 33-801 *et seq.*, the trustee holds legal title:

> The Arizona Act defines a trust deed as a deed conveying legal title to real property to a trustee to secure the performance of a contract. This definition suggests that the trust deed, unlike the Arizona mortgage, will convey title rather than create a lien. Nonetheless, the trustee is generally held to have bare legal title sufficient only to permit him to convey the property at the out of court sale. All other incidents of title remain in the trustor.

*Brant v. Hargrove*, 632 P.2d 978, 983 n.6 (Ariz. Ct. App. 1981) (citation omitted). A deed of trust conveys title to the trustee, but "the trustor remains free to transfer the property and continues to enjoy all other incidents of ownership." *In re Bisbee*, 754 P.2d 1135, 1138 (Ariz. 1988) (citing A.R.S. § 33-806.01(A)). The "bare legal title held by the trustee is very tenuous, and may at any time prior to sale be terminated by unilateral action of the beneficiary." *Id.* (citing A.R.S. § 33-804(B) and *Brant*, 632 P.2d at 984).

Here, Plaintiff's factual allegations do not demonstrate why Cal-Western, as successor trustee, does not hold bare legal title to the Property. The First Amended Complaint alleges that Plaintiff "executed a Promissory Note for the amount borrowed from Chevy Chase, which was secured by the Deed of Trust." (Dkt. 22 at ¶ 8; *see* Dkt. 22-1, Ex. A.) Until Plaintiff pays off the loan, the trustee holds the title in trust as provided for in Arizona's deed

- 13 -

of trust statutes. Thus, quiet title is not a remedy available to the trustor until the debt is paid or tendered. Plaintiff has not paid the loan amount, nor has Plaintiff alleged that he is ready, willing and able to tender the full amount owed. *See Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) (refusing to quiet title until and unless the plaintiff tenders the amount owed, as required in equity). Instead, Plaintiff asks this Court to invalidate the claims of the beneficiary under the deed of trust. The Court will not indulge this inappropriate use of an action to quiet title.

Plaintiff's argument that the assignment to U.S. Bank was void, and that U.S. Bank and MERS are not beneficiaries fails to support Plaintiff's claim for quiet title. As discussed above, an assignment of a deed of trust does not need to be recorded in order to be valid, and under the terms of the Deed of Trust, Plaintiff was not entitled to notice of any such assignment. Further, Plaintiff fails to present actual authority[4] that the Deed of Trust is invalid, because MERS, acting solely as a nominee for the lender and lender's successors and assigns, was the named beneficiary under the Deed of Trust. Even if the Assignment of Deed of Trust was void, the Court fails to see how the equitable remedy of quiet title would be appropriate. Plaintiff has not pled any facts indicating that he has satisfied his obligation to repay the loan. Plaintiff is not entitled to a windfall under Arizona law; therefore, the Court will dismiss Plaintiff's claim for quiet title with prejudice.

### 5. **Claims Against the Successor Trustee**

Defendant Cal-Western argues that all claims asserted by Plaintiff against Cal-Western are barred by A.R.S. § 33-807, which provides: "The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees

---

[4] Plaintiff dedicates four pages of his response to a general condemnation of the mortgage industry. (Dkt. 22 at pp. 4–8.) Plaintiff's irrelevant diatribe is not tied to the facts of this case, and fails to respond in a meaningful way to any of the arguments raised by Defendants in the motions to dismiss.

- 14 -

from the person joining the trustee." A.R.S. § 33-807(E).

Although not set forth as an independent cause of action,[5] Plaintiff appears to assert a claim against Cal-Western for failing to mail Plaintiff a copy of the Notice of Trustee's Sale, in violation of A.R.S. § 33-809(C). (Dkt. 22 at ¶ 17) ("Plaintiff never received a copy of the Notice of Trustee Sale as required by statute."). However, Plaintiff contradicts himself by later stating that his application for a loan modification was pending "when the Notice of Trustee Sale was sent." (*Id.* at ¶ 49.) Plaintiff does not attempt to reconcile this contradiction in his response, and, accordingly, the Court finds Plaintiff's contention is moot based on his own allegations in the First Amended Complaint. Regardless, the trustee's sale was not held as scheduled and subsequently rescinded, which further moots Plaintiff's allegation of noncompliance. *See Patton v. First Fed. Sav. & Loan Ass'n of Phoenix*, 578 P.2d 152, 155 (Ariz. 1978) ("Since the subject property has not been sold, it would appear that appellants have not been damaged by the trustee's breach of fiduciary duties.").

Plaintiff does not allege that Cal-Western failed to comply with any other obligations under Arizona's deed of trust statutes. In fact, the only count explicitly asserted against Cal-Western is Plaintiff's request for quiet title, which does not arise in connection with any alleged breach of Cal-Western's obligations as trustee. Therefore, pursuant to A.R.S. § 33-807(E), Cal-Western is entitled to immediate dismissal, and to its recover reasonable attorneys' fees and costs from Plaintiff.

### 6. Additional Allegations in First Amended Complaint

In addition to the four counts set forth in the First Amended Complaint, Plaintiff

---

[5] In order to give a defendant fair notice of the claims asserted against it, Rule 8 requires each allegation in a complaint to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Additionally, Rule 10 provides that to promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* 10(b). As Cal-Western points out, despite only containing four counts, the First Amended Complaint implicates claims in the "Statement of Facts" that do not appear elsewhere in the First Amended Complaint. The Court has attempted to address all of those potential claims in this Order.

1 appears to assert additional claims (or theories to quiet title) against Defendants, which the
2 Court also finds should be dismissed with prejudice for the following reasons.

3 First, Plaintiff alleges that "Defendants are currently attempting to execute an invalid
4 and fraudulent Trustee's Sale on the Property," because the individual executing the Notice
5 of Substitution of Trustee on behalf of U.S. Bank was allegedly an employee of Capital One.
6 (Dkt. 22 at ¶¶ 20, 86.)  Plaintiff similarly alleges that the individual executing the
7 Assignment of Deed of Trust on behalf of MERS was allegedly an employee of Cal-Western.
8 (*Id.* at ¶ 21.)  There are no facts alleged in the First Amended Complaint, other than
9 Plaintiff's bald contentions, that the individuals are employees of entities other than those
10 indicated on the face of the documents themselves.  Regardless of the true nature of their
11 employment, the individuals executing the documents were permitted to sign as agents of the
12 entities designated on the face of the documents. *See Eardley v. Greenberg*, 792 P.2d 724,
13 727 (Ariz. 1990) ("[W]e find nothing in the language of § 33-804(C) or the overall statutory
14 scheme that would preclude a beneficiary from authorizing an agent to execute a notice of
15 substitution of trustee.").  Accordingly, even if the individuals executing on behalf of U.S.
16 Bank and MERS were in fact employees of Capital One and Cal-Western, respectively, the
17 Court does not find the Notice of Substitution of Trustee and Assignment of Deed of Trust
18 are invalid and fraudulent based upon this fact.

19 Second, Plaintiff takes issue throughout the First Amended Complaint with MERS's
20 involvement in the chain of title. (Dkt. 22 at ¶¶ 9–10, 23–24, 37, 85.)  Plaintiff contends that
21 MERS had no interest to convey; therefore, the "recorded documents are incongruous" and
22 invalid.  Courts in this district have repeatedly rejected similar attacks on MERS, and
23 Plaintiff has not directed the Court to any Arizona case that finds MERS does not have
24 capacity to act as nominee on behalf of lenders or to assign deeds of trust on behalf of such
25 lenders. Plaintiff was aware of MERS involvement in the loan when Plaintiff executed the
26 Deed of Trust, which named MERS, acting solely as a nominee for the lender and lender's
27 successors and assigns, as the beneficiary.  (Dkt. 22-1, Ex. A.)  The Court fails to see what
28 effect, if any, the inclusion of MERS in the chain of title had upon Plaintiff's obligations as

a borrower.

Third, and as noted above, Plaintiff takes issue with the recording date of the Assignment of Deed of Trust, which occurred after the recording of the Notice of Trustee's Sale. (Dkt. 22 at ¶ 21.) There is no requirement under Arizona law that an assignment must be recorded, and Plaintiff has not cited any authority to the contrary. Additionally, the Deed of Trust expressly provides that the beneficiary may assign its interest without prior notice to the trustor. (Dkt. 22-1, Ex. A, § 20.) Accordingly, Plaintiff fails to state a claim with respect to his allegations concerning the recordation of the Assignment of Deed of Trust.

Fourth, Plaintiff claims that U.S. Bank was not the lender according to the Deed of Trust; therefore, U.S. Bank could not appoint Cal-Western as the successor trustee. (Dkt. 22 at ¶ 18.) However, the recorded documents attached to the First Amended Complaint contradict Plaintiff's allegations. The Assignment of Deed of Trust, dated October 8, 2010, shows that U.S. Bank was assigned all beneficial interest in the Deed of Trust. (Dkt. 22-1, Ex. D.) The Notice of Substitution of Trustee, dated October 13, 2008, correctly describes U.S. Bank as the beneficiary. (Dkt. 22-1, Ex. C.) Plaintiff's allegations do not comport with the recorded documents attached to the Amended Complaint. Accordingly, the Court finds Plaintiff fails to state a claim upon which relief can be granted concerning U.S. Bank's right to appoint a successor trustee.

Fifth, Plaintiff repeatedly alleges that the promissory note was "intentionally destroyed," and that the alleged destruction of the promissory note and the securitization of the loan nullifies his contractual obligations under the promissory note and deed of trust. (Dkt. 22 at ¶¶ 9, 27–31, 33–34, 39, 54.) Plaintiff's allegations of promissory note destruction and securitization are speculative and unsupported. Plaintiff has cited no authority for his assertions that securitization has any impact on his obligations under the loan, or that the existence of the original promissory note must be acknowledged by the lender; rather, these generalized arguments have repeatedly been rejected in this district. *See, e.g.*, *Singer v. BAC Home Loan Servicing, LP*, No. CV 11-1279-PHX-NVW, 2011 WL 2940733, at *2 (D. Ariz. July 21, 2011); *Silvas v. GMAC Mortgage LLC*, No. CV 09-0265-PHX-GMS, 2009 WL

1  4573234 (D. Ariz. Dec. 1, 2009); *Cervantes v. Countrywide Home Loans, Inc.*, No. CV 09-
2  517-PHX-JAT, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009).

3  Sixth and finally, Plaintiff's show-me-the-note theory lacks merit. In his response, Plaintiff disingenuously asserts that he has not set forth a claim based on the show-me-the-note theory. Even though that phrase does not appear in the First Amended Complaint, many of the allegations concerning Defendants' ability to exercise the power of sale under the Deed of Trust pertain to the location of the original promissory note. (*E.g.*, Dkt. 22 ¶¶ 9, 25–26, 28, 30, 34–35, 37, 79–80, 85.) Courts in this district have repeatedly rejected arguments based on the show-me-the-note theory. More recently, the Arizona Court of Appeals confirmed that "Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings." *Hogan v. Wash. Mut. Bank, N.A.*, __ P.3d__, 2011 WL 3108343, at *2 (Ariz. Ct. App. July 26, 2011) (quoting *Diessner v. Mortgage Electronic Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) and citing *Mansour v. Cal–W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)). Therefore, to the extent that any of the claims in the First Amended Complaint are based on Defendants' failure to produce the promissory note prior to initiating non-judicial foreclosure proceedings, those claims fail to state a claim upon which relief can be granted.

## IV. LEAVE TO AMEND

Plaintiff has already amended his complaint once as a matter of course, and even though Plaintiff does not seek leave to amend the First Amended Complaint, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In this case, the Court finds that Plaintiff will not be able to cure the deficiencies of

- 18 -

his First Amended Complaint. Plaintiff unsuccessfully argued for a tolling of the statute of limitations, and many of Plaintiff's allegations are not supported by the text of the relevant documents. Thus, granting leave to amend to plead additional facts would be futile.

## V.     CONCLUSION

Plaintiff has not sought leave to amend his complaint a second time, nor does the Court find amendment would resolve the issues identified in this Order. Therefore, for the reasons set forth above, the Court will grant Defendants' motions to dismiss with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's First Amended Complaint for Damages, Injunction, Declaratory and Other Equitable Relief (Dkt. 26) is **GRANTED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant Cal-Western Reconveyance Corporation's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice (Dkt. 27) is **GRANTED** with prejudice. Within 14 days of this Order, Defendant Cal-Western Reconveyance Corporation may file an application for attorneys' fees pursuant to A.R.S. § 33-807 and Local Rule 54.2.

DATED this 2nd day of September, 2011.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge